CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

SEP 29 2006
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

| | |
|---|---|
| CHARLES F. SEALE, ) | |
| Plaintiff, ) | Civil Action No. 7:06cv00555 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| S. SULLIVAN, ) | By: Hon. Jackson L. Kiser |
| Defendant. ) | Senior United States District Judge |

Plaintiff Charles F. Seale, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. Seale alleges that the defendant violated his federal constitutional rights by initiating charges against him for smoking in a non-smoking area. The infraction led to his being placed in isolation and his removal from his institutional job. He claims that other inmates have first been warned for such infractions, but that he had never been warned. He also maintains that he was not smoking, but that he had picked up an unlit cigarette from the floor. He states that there was "no way" he "would smoke in a non-smoking pod," because he goes "up for parole" in September, and he has been "14 years charge free." In his view, the defendant, who has "displayed a subtle prejudicial contempt toward [him]," which he "strongly sense[s]" is because he is gay, initiated the charge because she is motivated to "discriminate[] and retaliate[]" against him because he is gay. He seeks $50,000 in money damages; reinstatement to his job; and to be paid in that job the same amount he was making "before this incident," which he states was $.45 an hour, "top pay."

Plaintiff admits he did not pursue administrative relief through the institutional grievance procedure before filing the instant suit. Accordingly, because Seale did not exhaust his administrative remedies before filing this action, I find his complaint must be dismissed pursuant to 42 U.S.C. § 1997e(a).

Dockets.Justia.com

## I.

The Prison Litigation Reform Act requires that inmates exhaust all available administrative remedies before filing an action challenging prison conditions. 42 U.S.C. § 1997e(a); see also, Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999) (holding that an inmate complaint must be dismissed for failure to exhaust even if the inmate demonstrates that he filed a grievance and appealed it to the highest level of the prison's grievance procedure after commencing the lawsuit). Seale admits that he "did not file any grievance" related to the alleged constitutional violations. Therefore, I find that Chapman did not exhaust all available administrative remedies before filing the instant complaint and, thus, dismiss his suit.

## II.

For the stated reasons, Chapman's suit is dismissed pursuant to §1997e(a). The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Memorandum Opinion, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This 29th day of September, 2006.

Senior United States District Judge